IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JESSIE RADFORD                                                                                          PLAINTIFF
ADC #655432

v.                                         4:22-cv-00453-KGB-JJV

BRANDON CARROLL,
Varner Supermax, ADC; *et al.*                                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   **INTRODUCTION**

Jessie Radford ("Plaintiff") is a prisoner in the Varner Unit of the Arkansas Division of Correction. He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. (Doc. 2.) For the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.

II.  **SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, the "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816

2

(1985) (citations omitted).  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. DISCUSSION

Plaintiff says Defendants Warden Brandon Carroll, Warden James Gibson, ADC Director Dexter Payne, and Grievance Officer Terri Brown Grigsby violated his constitutional rights in connection with a major disciplinary he received in January 2022.  (Doc. 2.)  For the following reasons, I conclude he has failed to plead a plausible claim for relief.

First, Plaintiff alleges Defendants Carroll, Gibson, and Payne violated his due process rights by failing to take corrective action after they learned, through the grievance process, he was held in punitive isolation twenty days after his twenty-three-day sentence expired.  Under the Fourteenth Amendment, prisoners have a due process right in avoiding temporary placement in administrative or punitive segregation only if the conditions there are an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002).  And, the Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship."  *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020); *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019).  Plaintiff has not pled any facts suggesting the conditions in punitive isolation were an atypical or significant hardship, and the Eighth Circuit has held that confinement in punitive isolation for much longer than the forty-three days endured by Plaintiff does not give rise to a liberty interest*.  See, e.g., Ballinger v. Cedar Cnty*, Mo., 810 F.3d 557, 562-563 (8th Cir. 2016)

(no atypical hardship when a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction); *Rahman X,* 300 F.3d at 973 (twenty-six months in segregation was not an atypical and significant hardship triggering due process rights.) Accordingly, Plaintiff has not pled a plausible due process claim.

Second, Plaintiff says his confinement in punitive isolation for twenty extra days was cruel and unusual punishment in violation of the Eighth Amendment. Because the "Constitution does not mandate comfortable prisons," only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff's allegation that he was wrongfully held in punitive isolation for twenty extra days, standing alone, is not enough to establish an Eighth Amendment violation. *See Phillips*, 320 F.3d 848. And, he has not pled any facts suggesting the conditions he endured while in punitive isolation were severe enough to rise to the level of an Eighth Amendment violation. *See Hamner,* 937 F.3d 1178 (to constitute an Eighth Amendment violation, the conditions must have created a substantial risk of serious harm to the prisoner's health or safety); *Goldman v. Forbus*, Case No. 00-2462WA, 2001 WL 838997 at *1 (8th Cir. July 26, 2001) (six nights sleeping on the floor and being sprinkled with urine was not a constitutional violation); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies not a constitutional violation). Thus, Plaintiff has not pled a plausible Eighth Amendment violation.

Finally, Plaintiff says Defendant Grigsby violated his due process rights when she incorrectly typed into the ADC's grievance system that he filed his grievance on January 15, 2022 instead of January 20, 2022. (Doc. 2 at 18.) But prisoners do not have a constitutional right to a prison grievance procedure or to have their grievances properly processed. *Lomholt v. Holder,*

287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Further, a § 1983 claim cannot be premised on mere negligence and nothing in the Complaint suggests Defendant Grigsby acted with deliberate indifference when she made that error. *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005). Thus, I find on plausible claim here.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count as a strike for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 24th day of May 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." In *Gonzalez v. United States*, 23 F.4th 788, 791 (8th Cir. 2022), the Eighth Circuit recently held that decision of whether a dismissal should be counted as a strike is for the later judge who must determine if the prisoner is barred from proceeding *in forma pauperis*.